UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                    Plaintiffs

  -v-

ANGEL CONSTRUCTION GROUP, LLC,

                    Defendant.

No. 08 Civ. 9061 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Before the Court is Plaintiffs' motion for entry of a default judgment in their suit to confirm an arbitral award. For the reasons stated below, the arbitral award is confirmed.

    The dispute stems from an alleged failure by Defendant to make contributions to certain benefit funds as required by a Collective Bargaining Agreement ("CBA") between the parties. (Cmplt. ¶¶ 9-10.) Pursuant to the provisions of the CBA, the parties submitted the dispute to arbitration. (*Id.* ¶ 11.) On August 25, 2008, the arbitrator issued his opinion and award ("Award"), awarding Plaintiffs $73,319.91 in unpaid contributions, damages, interest, and various fees and costs, plus interest in the amount of 10% per annum from the date of the award. (*Id.* ¶¶ 12-14.) Plaintiffs collected $10,000 of the award, leaving a balance of $63,319.91 plus interest. (*Id.* ¶ 9.)

    Plaintiffs filed the instant action to confirm the Award on October 22, 2008. Defendant was served through the Secretary of State on October 27, 2008, and the Clerk of the Court noted Defendant's default on December 22, 2008. On January 9, 2009, the Court directed Defendant to show cause why a default judgment should not be entered against it, and on January 30, 2009 a hearing was held. Defendant failed to appear at the hearing, and, to date, Defendant has failed to answer or otherwise appear in this action.

I. Confirmation of the Award

The Second Circuit has made clear that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F. 3d 95, 107 (2d Cir. 2006). Rather, a petition to confirm an arbitral award should be "treated as akin to a motion for summary judgment." *Id.*

Summary judgment may not be granted unless all the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of demonstrating the absence of an issue of material fact rests on the moving party, and the Court must view all facts in the light most favorable to the non-moving party. *See Sista v. CDC Ixis N. Amer., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). Nonetheless, in the context of a petition to confirm an arbitration award, the burden is not an onerous one: confirmation of an arbitral award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 426 F.3d at 110 (internal citations omitted); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (holding that courts cannot review merits of arbitral awards entered into pursuant to agreement between employer and labor organization); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (holding that arbitration awards are entitled to great deference by the courts). Thus, "the arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 426 F.3d at 110. In order to confirm the award, "[o]nly a barely colorable justification for the outcome reached" is necessary. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). In keeping with the

relatively light burden on the party seeking confirmation, the showing required by a party seeking vacatur of an arbitral award "is very high." *D.H. Blair*, 426 F.3d at 110.

Though the Federal Arbitration Act ("FAA") "does not apply to 'contracts of employment of . . . workers engaged in foreign or interstate commerce,' 9 U.S.C. § 1, . . . the federal courts have often looked to the Act for guidance in labor arbitration cases, especially in the wake of the holding that § 301 of the Labor Management Relations Act [of] 1947 ['LMRA'], 61 Stat. 156, 29 U.S.C. § 185, empowers the federal courts to fashion rules of federal common law to govern '[s]uits for violation of contracts between an employer and a labor organization' under the federal labor laws." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n. 9 (1987); *see also Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 405 n.2 (S.D.N.Y. 2008). The FAA enumerates specific and limited grounds for the vacatur of an arbitral award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[1]

---

[1] The Second Circuit has, until recently, recognized an additional, judicially-created ground for vacatur under the FAA: "manifest disregard for the law." *See, e.g.*, *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27-28 (2d Cir. 2000). The Supreme Court's decision in *Hall Street Assocs. v. Mattel*, --- U.S. ----, 128 S.Ct. 1396, 1403 (2008), made clear that Section 10(a) provides the exclusive grounds for vacating an arbitration award governed by the FAA. The Second Circuit has interpreted the holding in *Hall Street* as abrogating "manifest disregard for the law"

The record supports confirmation of the Award.  First, the CBA provides for the award not only of the unpaid contributions, but also liquidated damages, late fees, arbitration costs, and attorney's fees for Plaintiffs' counsel in the arbitration (Award, attached to the December 22, 2008 Affidavit of Andrew Grabois as Ex. A, at 4); accordingly, the arbitrator acted within the scope of his authority in awarding Plaintiffs additional monies in liquidated damages and other costs and fees. (*See id.* at 4-5.)  Second, there is no evidence that the Award was procured by fraud, that the arbitrator was biased, that he was guilty of some misconduct, or that he exceeded his powers.

## II.  Attorney's Fees and Costs

Plaintiffs have also requested attorney's fees and costs in the amount of $1285.00 for the cost of bringing the instant confirmation action.  Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  Section 301 of the LMRA does not provide for the recovery of attorney's fees.  *Id.*  However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)).  In the context of confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may

---

as "a ground for vacatur entirely separate from those enumerated in the FAA," but has nonetheless held that the doctrine, "reconceptualized as a judicial gloss on the specific grounds for vacatur enumerated in section 10 of the FAA, remains a valid ground for vacating arbitration awards."  *Stolt-Nielsen SA v. AnimalFeeds Intern. Corp.*, 548 F.3d 85, 94-95 (2d Cir. 2008).  While the Second Circuit has not yet had occasion to address the continued application of "manifest disregard for the law" to LMRA cases since *Hall Street*, the Court does not find that any "manifest disregard" occurred.

properly be awarded." *Int'l Chem. Workers Union*, 774 F.2d at 47 (internal citations and quotations omitted).

Here, Defendant has failed to appear or in any way defend this confirmation action, and thus it is axiomatic that Defendant has offered no justification for its failure to abide by the Award. Further, courts have found an award of attorney's fees justified where a defendant has failed to pay an arbitral award and failed to respond to the petition to confirm the award. *See Herrenknecht Corp. v. Best Road Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (citing cases). Accordingly, the Court finds that an award of attorney's fees is warranted here.

The Court has reviewed the January 30, 2009 Declaration of Andrew GraBois, as well as the documents appended to the Declaration, and finds that Plaintiffs' request is reasonable.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' petition to confirm the Award. Because the Award is for a sum certain, no further inquiry into damages is necessary, and judgment in the amount of $63,319.91, plus interest to accrue at the rate of 10% per year from the date of the Award, and attorney's fees and costs in the amount of $1285, is appropriate. *See, e.g.*, *Herrenknecht*, 2007 WL 1149122, at *6 (confirming arbitration award and judgment for sum certain as stated in arbitration decision).

SO ORDERED.

DATED:   February 2, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE